UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RICHARD A. ARLEDGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:18-CV-0899-G |
| INTERNAL REVENUE SERVICE, ET ) | |
| AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are the defendants' motions to dismiss under Rule 12(b)(6) (docket entries 12, 14). For the reasons set forth below, the motions are granted.

### I. BACKGROUND

The plaintiff Richard A. Arledge ("Arledge") is currently incarcerated in a federal penitentiary located in Pollock, Louisiana. Complaint for Expedited Relief Under the Freedom of Information Act ("Complaint") ¶ 1 (docket entry 1). Arledge maintains that he made proper written requests under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to the defendants Internal Revenue Service ("IRS") and United States Attorney's Office, Eastern District of Texas ("USAO") and "there is no legal basis for Defendants' denial of such [requests]." *Id*. ¶ 15.

Assistant United States Attorney Glenn Roque-Jackson ("Roque-Jackson") handled the criminal prosecution of Arledge. Memorandum in Support of the Motion to Dismiss by the United States Attorney's Office for the Eastern District of Texas ("USAO Motion") at 1 (docket entry 13). During the investigation and criminal prosecution of Arledge, the IRS issued a subpoena to Wachovia Bank n/k/a Wells Fargo Bank ("Wachovia") in a related proceeding against Cecil W. Coleman. Complaint ¶ 7. Wachovia complied with the subpoena and produced the requested documents to the IRS. *Id*. In the subsequent criminal prosecution of Arledge, the IRS and the USAO relied upon these documents. *Id*. Arledge contends that he only received some of these documents during the discovery phase of his prosecution and asserts that some documents in the possession of the defendants could contain exculpatory evidence. *Id*.

In a letter to the IRS dated September 5, 2017, pursuant to FOIA, Arledge requested all records "pertaining to a subpoena issued to Wachovia Bank (currently 'Wells Fargo Bank') dated 2/13/2008 in the case (No. 674697) referencing U.S. District TX vs. Cecil W. Coleman." *Id*. ¶ 9. In response, in a letter to Arledge dated September 26, 2017, the IRS informed Arledge that it required proof of Arledge's right to access the requested records before the IRS could process his request. *Id*. ¶ 10; *see also* Letter dated September 26, 2017 ("Letter"), *attached to* Complaint as Exhibit 1. The letter outlined forms of acceptable proof of this right (*i.e.*, a properly

completed Form 8821, Tax Information Authorization or a properly completed Form 2848, Power of Attorney and Declaration of Representative) and requested that Arledge provide his proof within 35 days. Memorandum of Law in Support of the Internal Revenue Service's Motion to Dismiss ("IRS Motion") at 2 (docket entry 15); *see also* Letter. The letter also informed Arledge that "the 20-day statutory period within which the [IRS] must comply with a FOIA request will not begin until the [IRS] received the necessary information." IRS Motion at 2. In his reply to the IRS dated October 12, 2017, Arledge argued that the documents he requested became public records "upon Wachovia Bank n/k/a Wells Fargo Bank's production of such documents to the IRS in response to the original subpoena and their subsequent use in [his] criminal prosecution. . . ." Complaint ¶ 11. As of June 15, 2018, the IRS has "no record of receiving a properly completed Form 8821, Tax Information Authorization, a properly completed Form 2848, Power of Attorney and Declaration of Representation, or any other response from Mr. Arledge." Declaration of Stefanie M. Whitmore ¶ 9, *attached to* IRS Motion; IRS Motion at 3.

In a letter to Roque-Jackson dated November 16, 2017, Arledge's attorney requested "any and all information provided by Wachovia Bank n/k/a Wells Fargo Bank in response to a Government subpoena, including, but not limited to, bank records, bank statements, copies of the front and back of cashier's checks, Form 8300s, deposit slips, etc." pursuant to FOIA. USAO Motion at 2; *see also* Letter dated

November 16, 2017, *attached to* Complaint as Exhibit B. The letter further requested "any and all information pertaining to a subpoena issued to Wachovia Bank (currently 'Wells Fargo Bank') dated 2/13/2008 in the case (No. 674697) referencing *U.S. District TX vs. Cecil W. Coleman*." Complaint ¶ 13. The USAO contends that "[s]ubmitting a FOIA request by directly contacting an AUSA in a district is not a proper request under DOJ's FOIA regulations [and that] [t]hrough prior correspondence, [Arledge's] attorney Ryan K. Lurich had been advised that such requests needed to be sent directly to FOIA staff in Washington, D.C." Declaration of Theresa McClure ¶ 8, *attached to* USAO Motion as Exhibit A.

The defendants move to dismiss Arledge's FOIA claims because he has failed to exhaust his administrative remedies.

## II. ANALYSIS

### A. Standard for Determination under Rule 12(b)(6)

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182 (2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [his or her] entitlement to relief requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks, brackets, and citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (quoting *Martin K. Eby Construction Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted). The thrust of the motions is that Arledge has failed to state claims upon which this court could grant him relief as Arledge failed to submit proper FOIA requests and thus did not exhaust his administrative remedies.

B. Failure to Exhaust Administrative Remedies

Exhaustion of administrative remedies is a mandatory jurisdictional prerequisite to the commencement of a FOIA lawsuit. *Hedley v. United States*, 594 F.2d 1043, 1044 (5th Cir. 1979) (per curiam). The USAO asserts that although the Department of Justice has a decentralized system for responding to FOIA requests, *see* 28 C.F.R. § 16.3, Arledge improperly sent his FOIA request to Roque-Jackson. USAO Motion at 1-2. The IRS maintains that it is prohibited from disclosure of tax returns and "returns information" unless otherwise authorized, *see* 26 U.S.C. § 6103,

26 C.F.R. §§ 601.702(c)(4)(i)(E), (c)(5)(iii)(B), (c)(5)(iii)(C), and that Arledge failed to provide the proper authorization to establish his right to the requested records. IRS Motion at 4-5. Arledge has failed to provide evidence that he made proper FOIA requests in accordance with mandatory regulations. Accordingly, Arledge's claims are dismissed for failure to exhaust his administrative remedies.[*]

III. CONCLUSION

The defendants' motions to dismiss are **GRANTED**.

**SO ORDERED.**

October 26, 2018

*A. Joe Fish*
**A. JOE FISH**
**Senior United States District Judge**

---

[*] Though Arledge argues to the contrary, the fact that some records that Arledge requested were admitted into evidence in his criminal trial does not establish his right to access those records under FOIA. See *Richardson v. United States Department of Justice*, 730 F. Supp. 2d 225, 234 (D. D.C. 2010).